## CITIES SERVICE GAS CO. et al.
## v. BARNHART et al.

No. 28320.   Jan. 17, 1939.

Anglin & Stevenson and O. S. Huser, for plaintiffs in error.

James W. Rodgers, Geo. C. Crump, and H. W. Carver, for defendants in error.

GIBSON, J.   This appeal is from a verdict and judgment rendered on two causes of action in favor of defendants in error and against plaintiffs in error for permanent damages to land and loss of livestock, respectively, allegedly occasioned by the illegal flow of oil and salt water across said land from adjoining leases operated by plaintiffs in error. The parties are hereafter referred to in the order of their appearance at the trial.

The action was commenced against the present defendants and certain other oil companies then operating in the immediate vicinity, and prosecuted on the theory that all of original defendants were joint tortfeasors. At the close of all the testimony plaintiffs dismissed as to said other companies for the reason that they had settled and paid for all damages caused by them. Thereupon plaintiffs abandoned the theory that those parties were joint tort-feasors with the present defendants, and now take the position that all damages caused by the discharged companies occurred prior to the alleged illegal acts of these defendants.

It is now charged by defendants that the burden was upon plaintiffs to produce evidence sufficient to enable the court and jury to separate the damage previously caused by the discharged parties from that allegedly caused by the defendants, and that the court should have confined the evidence going to the measure of damages to the value of the premises at the time of defendants' first wrongful act and to the value thereof after the alleged pollution ceased. In this connection it is charged that for lack of such evidence the trial court should have sustained the request for directed verdict.

No serious objection is taken to the verdict and judgment rendered on the second cause of action for damage to livestock. Defendants did, however, request a general peremptory instruction and have brought the court's adverse ruling thereon here for review. The record reveals ample evidence to support the verdict for this particular item, and the judgment to that extent must be affirmed.

In the face of the foregoing circumstances

the trial court could not properly grant defendants' general request for an instructed verdict, nor could it on such general request direct a verdict upon the first count seeking damages for injury to the land. Upon request for a directed general verdict in an action containing numerous counts the trial court must refuse the same if recovery on any one or more counts could be sustained as a matter of law under the evidence. In the absence of evidence sufficient to sustain recovery in any event, the court on proper request should instruct a verdict. In such case, where the evidence would permit recovery on one or more of numerous causes of action, the defendant, in order to challenge the sufficiency of the evidence as to other causes by way of request for directed verdict, should direct his request to the particular count or counts challenged. See 64 C. J. 498, sec. 451.

The trial court, for the reasons stated above, did not err in refusing the request for a directed verdict. Therefore, the sufficiency of the evidence in this particular is not challenged on appeal.

It is said on behalf of defendants that the evidence shows the plaintiffs executed an easement or license to the aforesaid discharged companies whereby said parties for a valuable consideration were permitted without further responsibility to flow oil and salt water across plaintiffs' premises, and that said parties did actually contribute to the pollution during the time, and before, the defendants are alleged to have caused the damage. It is here contended that the plaintiffs were charged with the burden of producing evidence sufficient to enable the jury to separate the damages caused by plaintiffs' said licensees from the damage caused by the defendants. It is urged that in the absence of such evidence the plaintiffs could not recover for the damage to the land.

Defendants submitted their requested instruction No. 2 covering the aforesaid contention and the same was refused by the court. This is assigned as error.

The rule expressed in Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906, is here relied upon. It reads as follows:

"Where a riparian landowner sues a group of separate leaseholders for damages for polluting a stream, and the evidence shows that part of the damage inflicted was occasioned by the defendants, and part by a tenant of the plaintiff, not a party to the action, either with the plaintiffs' consent or as the result of the ordinary use of the premises by the tenant, the plaintiff will not be entitled to recover from the defendants sued, unless he is able to produce evidence which will enable the court to separate the amount of damage inflicted by the group of defendants sued from the amount of damage resulting from the acts of the tenant and to enter judgments against the defendants for the damage thus shown."

That rule is clearly applicable in the instant case. The evidence shows that plaintiffs' licensees caused a portion of the damages. The question of the separation of the damages as aforesaid constituted an important element in plaintiffs' right to recover, and the same was placed squarely before the court by properly requested instruction which the court refused. The instructions as given do not cover this portion of the case.

There is contention in the briefs that the aforesaid license or easement was void as a violation of statute, but that question is not material here. Plaintiffs executed the license and they and their licensees have fully acted upon it. For the purposes of this case, said licensees stand in the same or similar relationship to the plaintiffs as the tenant to his landlord in such cases. There is no material distinction between the facts here and the facts in the Walters Case, above, in this respect.

The cause is reversed and remanded, with directions to grant defendants a new trial on the first cause of action. In all other respects the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.