TURMAN OIL Co. et al. v. RHODD.

*98 P. 2d 920.*

No. 28900.  Jan. 30, 1940.

Conard E. Cooper, of Tulsa, Harry Brelsford, of Ft. Worth, Tex., and Arrington & Miller, of Shawnee, for plaintiffs in error.

Park Wyatt, Byron Lamun, and Holley & Holley, all of Shawnee, for defendant in error.

BAYLESS, C. J. Turman Oil Company and Conley Drilling Company appeal from a judgment of the district court of Pottawatomie county, based on the verdict of a jury in favor of Samuel Rhodd.

The basis for the claim of damages to plaintiff's real estate is that two defendants permitted oil, salt water, and other deleterious substances to escape from leases operated by the defendants into streams or natural watercourses, and thence into creeks that flow across the land of plaintiff, and that overflows of the creeks deposited the substances on plaintiff's land. The evidence contains no reference to any of these substances except salt water.

We are not going into an extended recitation of the evidence, for there is a proposition of law that necessitates a reversal of the judgment, and if there is a retrial of this matter, the plaintiff may bolster up his evidence.

The defendants severally argue the same proposition:

"Plaintiff's injury, if any, was brought about by his own conduct in the granting of licenses and easements to third persons to overflow his land with salt water and other deleterious substances."

It appears in the record that in the years 1933 and 1934, plaintiff entered into four separate agreements with individual oil companies and groups of companies having common interests, these agreements being commonly referred to as "easements." These agreements differ in form and content, but are similar in purpose. It may be said that generally they settle for damages past, present, and future of the nature sued on herein, and are generally treated as giving a license or permission to flow the pollutive substances across the grantor's lands for specified periods in consideration of the money therein provided to be paid. The defendants herein are not parties to the agreements mentioned nor to any such an agreement as is involved herein.

The evidence discloses that from the time of the execution of the agreements, large quantities of salt water are released by several oil companies into these creeks, and it is plaintiff's assertion that defendants contribute to this pollution.

The plaintiff limits the period of his injury to the two years prior to the filing of this action. He filed his action April, 1937, and the prior limit is April 1, 1935. It can be seen that the agreements and practices thereunder antedated and coincided with the period specified by plaintiff during which his damage occurred.

Our attention is called to the recent decision in Cities Service Co. v. Barnhart, 184 Okla. 243, 86 P. 2d 638, which in turn cites and applies the rule announced in Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906. Plaintiff asserts that the holdings of the court in those cases "has never been the law, is not now the law, and the decisions cannot stand as the law of this state in face of the statutory provisions and the public policy of this state. * * *"

The rule announced in Walters v. Prairie, supra, was decided upon many years ago, in the light of the various statutes, rules of public policy, and the many decisions and authorities to the same effect. It has been criticized by litigants many times since, and it has been re-examined and re-applied many times since, and we decline to depart from the rule therein announced.

Our recent decision in Cities Service Co. v. Barnhart, supra, was deliberately adopted in the light thereof, and in view of the equally well recognized rule that although such joint tort-feasors may be sued jointly and judgment may be recovered against them jointly, there can be but one satisfaction of that judgment.

Such a rule as we announced in the Cities Service Case does not preclude the plaintiff from suing those who, in common with others, have conjointly in-

jured him and have not paid him, but it does prevent the plaintiff from collecting twice, in effect satisfying his judgment twice, and this rule is also statutory; see section 9983, Okla. St. 1931, 23 Okla. St. Ann. § 61. Neither does the rule violate the public policy of Oklahoma.

If plaintiff is damaged as the result of an injury inflicted upon him by several persons, he is entitled to recover all of his damages from any one of them or all of them. But if he has recovered any part thereof from one or more of them, this must be taken into consideration in submitting to a court or jury the issue of the extent to which he was damaged and the extent of the defendants' responsibility and liability therefor.

This seems to have been the basis for the court's decision in Walters v. Prairie, supra.

We think the rule in Cities Service Co. v. Barnhart, supra, is particularly applicable here. The oil producers who were in effect licensed by plaintiff to pollute the streams flowing through his lands, as above stated, did contribute to the pollution of the streams at the times mentioned by plaintiff, and with his consent, and since he has chosen to construe his agreements with them to mean that he cannot or ought not to sue them for the damages done to him by them in concert with the defendants herein, he must segregate responsibility and recover from these defendants only for the injury they have done him.

We have no occasion herein to determine the validity of the agreements mentioned. Plaintiff executed them, and reaped certain benefits from them, and they are good insofar as his complaint herein is concerned.

Defendants strenuously argue there is a lack of evidence of causal connection, and as to Turman we are of the opinion the evidence is meagre and vague. The evidence as to Conley was sufficient on this issue. The parties have not made separate assignments of error in the petition in error on this point, and since the assignment is not good as to Conley, it cannot be good as to Turman.

The judgment is reversed and the cause remanded.

WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.